UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **FREDRICK ROGERS, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Cause No.: 1:06-cv-371 |
| | ) |
| **FORT WAYNE POLICE DEPARTMENT,** | ) |
| and **ALLEN COUNTY PROSECUTOR'S** | ) |
| **OFFICE,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION and ORDER

### I. Introduction

This matter is before the Court on a Motion to Dismiss Plaintiff's Supplemental Jurisdiction Claim filed by Defendant Allen County Prosecutor's Office ("the ACPO") on March 5, 2007. (Docket # 16.) In the Motion to Dismiss, as clarified by the supplemental brief filed May 1, 2007, the ACPO asserts that this Court does not have supplemental jurisdiction under 28 U.S.C. § 1367(a) concerning the only claim against the ACPO, a state law defamation claim, and that even if there is jurisdiction, the Court should decline to exercise it because there are "[n]ovel issues of Indiana law . . . best left to the state courts, particularly [when] . . . a government agency is an actor." (Mot. to Dismiss Pl.'s Supplemental Jurisdiction Claim ¶ 10 (quoting *Boone County Utilities, LLC v. Boone County Bd. of Comm'rs*, IP02-0538-C-B/S, 2003 WL 203159, at *5 (S.D. Ind. Jan. 28, 2003)).)

On April 25, 2007, in conjunction with an order requiring a supplemental brief from the ACPO, the Court ordered the Plaintiff, Fredrick Rogers, Sr., ("Rogers") to file a response to the Motion to Dismiss by May 10, 2007. Rogers filed no response, and therefore the Court will

proceed to rule.

Because we conclude that the defamation claim against the ACPO is not "part of the same case or controversy," *see* 28 U.S.C. § 1367(a), as the employment discrimination and retaliation claims Rogers brings against the other Defendant, the Fort Wayne Police Department ("the FWPD"), the Motion to Dismiss will be GRANTED.

## II. Factual and Procedural Background

Rogers, a Fort Wayne police officer, began this case on November 17, 2006, by advancing claims of employment discrimination and retaliation against the FWPD under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. (Compl. ¶¶ 1-26.) In addition, Rogers filed a separate Count of the Complaint, Count III, against the ACPO alleging that agents of the ACPO were critical of Rogers's police work and accused him of misconduct. (Compl. ¶¶ 26-33.) Finally, borrowing language at least in part from the United States Supreme Court, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), Rogers's Complaint requests that the Court extend jurisdiction to "the claims not directly part of the claims involving federal law [i.e., the defamation claim], as all claims in this action arise from a common nucleus of operative facts." (Compl. 5.)

The ACPO subsequently filed a Motion to Remand to State Court on February 19, 2007, "because the [defamation] claim asserted against it is a separate and independent state claim from the claims asserted against the other defendant." (Mot. to Remand to State Ct. at 1.) In an Order dated February 20, 2007, the Court noted that "the relief sought by the Prosecutor's Office . . . is unobtainable since the case originated here" and that "what we think the Prosecutor's

Office is asking for is a dismissal of the Plaintiff's supplemental jurisdiction claim, that is, the state law defamation count, though there is no citation to 28 U.S.C. § 1367(a) and (c)." (February 20, 2007, Order 2.)

Accordingly, on March 5, 2007, the ACPO withdrew its Motion to Remand and filed the instant Motion to Dismiss. (Docket # 15-16.) On March 30, 2007, the ACPO filed its Brief in Support of the Motion to Dismiss. (Docket # 24.)

Because the brief filed on March 30, 2007, was unclear about whether the ACPO was seeking dismissal under both 28 U.S.C. § 1367(a) and (c), the Court requested a supplemental brief. In that brief, filed on May 1, 2007, the ACPO argues that dismissal is appropriate because although Rogers contends that his employer, the FWPD, violated his civil rights by racially discriminating against him when it failed to promote him, and then retaliated against him when he filed an EEOC charge of discrimination, those federal claims are wholly unrelated to the state law defamation claim that centers on the professional criticism Rogers received from agents of the ACPO. (*See* Supplemental Br. in Supp. of Def. Allen County Prosecutors Office Mot. to Dismiss Pl.'s Supplemental Jurisdiction Claim 3-4 (citing 28 U.S.C. § 1367(a)).)

### III. Discussion

We begin with the supplemental jurisdiction statute which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

3

The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving the joinder of additional parties, *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005), so Rogers's pendant party claim against the ACPO is no impediment to jurisdiction. *Id*.

What makes Rogers's claim jurisdictionally problematic, however, is that he offers no argument or proof to establish even an inference that there is a "common nucleus of operative facts" between the defamation claim he brings against the ACPO and the Title VII claims lodged against the FWPD. Under a Rule 12(b)(1) motion, the party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. *See Mossman v. Dental Enterprises*, No. 3: 05-CV- 007, 2005 WL 1174150, at * 2 (N.D. Ind. May 9, 2005) (citing *Thomas v. Gaskill,* 315 U.S. 442, 446 (1942); *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999)). In short, Rogers abandons the jurisdictional field to the ACPO.[1]

In that regard, the ACPO contends that Rogers's defamation claim does not share a "common nucleus of operative facts" with his Title VII claims against the FWPD. *United Mine Workers of Am. v. Gibbs*, 383 U.S. at 725; *Myers v. County of Lake*, 30 F.3d 847, 850 (7th Cir. 1994); *Sanchez & Daniels v. Koresko & Assocs.*, 2007 WL 54059, at *3 (N.D. Ill. Jan. 3, 2007) ("Two claims are part of the same case or controversy if they derive from a common nucleus of operative facts.") (internal quotation mark omitted). Of course, one way to state the test is that "if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming

---

[1] When a defendant challenges subject matter jurisdiction under Rule 12(b)(1), ostensibly the basis for the motion here, we may look beyond the complaint and consider any evidence submitted on the issue without converting the motion into one for summary judgment. *See, e.g.*, *Meridian Rail Prods. Corp. v. Amsted Indus., Inc.*, No. 02 C 3708, 2002 WL 31103479, at *2 (N.D. Ill. Sept. 18, 2002).

substantiality of the federal issues, there is power in federal courts to hear the whole." *United Mine Workers*, 383 U.S. at 725.

Another formulation for supplemental jurisdiction is that it is not limited to "restatements of the same ground for recovery. The claims need only revolve around a central fact pattern." *Muhammad v. Chicago Park Dist.*, No. 04 C 5183, No. 06 C 0308, 2007 WL 1030431, at *7 (N.D. Ill. March 30, 2007) (citing *Euromarket Designs v. Crate & Barrel*, 96 F. Supp. 2d 824 (N.D. Ill. 2000) (quoting *White v. County of Newbury, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993))).

In *Muhammed*, the Plaintiff alleged claims under Title VII as well as a count for slander against the Defendants, but the district court dismissed the slander count because "[b]ased upon the limited information contained in the claims of Plaintiffs' verified amended complaint, it does not appear that the same central fact pattern applies to both the federal claims and the state claims." *Id.* The basis for the conclusion that the Court did not have supplemental jurisdiction over the slander count was that the events giving rise to that claim occurred both before and after the plaintiff's employment with the defendant. *Id.*

Similarly, the events Rogers complains about, his failure to be promoted by the FWPD and its subsequent retaliation for filing an EEOC charge, appear to have no temporal or factual connection with the alleged defamation coming from agents of the ACPO. (*See* Aff. of Michael McAlexander ¶ 3.)

Moreover, there is no indication in any of the first 26 rhetorical paragraphs of Rogers's Complaint or in his Notice of Tort Claim (*see* Br. in Supp. of Def. Allen County Prosecutors Office's Mot. to Dismiss Pl.'s Supp. Jurisdiction Claim Ex. B) that the defamation claim is related to a "central fact pattern." *Muhammad*, 2007 WL 1030431, at *7. In that regard,

5

although Rogers contends that his promotion denials stemmed from racial animus and that the FWPD retaliated after he filed his EEOC charge against it, nowhere is there even a suggestion that the comments made by agents of the ACPO were motivated by race or retaliation or that the promotion decisions of the FWPD were influenced by the alleged defamatory remarks. In fact, on this record, "there is no common date, audience, or any other factual link" between the statements of the ACPO and the employment decisions of the FWPD. *Jackson v. Local 705*, 95 C 7510, 2002 WL 460841, at * 10-11 (N.D. Ill. Mar. 22, 2002). Stated most simply, on this record, the claim against the ACPO and the claims against the FWPD are not something we would expect to try in one judicial proceeding. *United Mine Workers*, 383 U.S. at 725.

Accordingly, since this Court clearly does not have supplemental jurisdiction over the defamation claim against the ACPO under 28 U.S.C. §1367(a), we do not need to address whether we should decline to exercise that jurisdiction under 28 U.S.C. § 1367(c).

### IV. Conclusion

Because Rogers's claim against the ACPO is not part of the same case or controversy as his claims against the FWPD, the Court does not have supplemental jurisdiction over the case against the ACPO, and it is hereby dismissed without prejudice.

SO ORDERED.

Enter for May 14, 2007.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge