## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **FREDRICK ROGERS, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO.  1:06-CV-371** |
| | ) | |
| | ) | |
| **FORT WAYNE POLICE DEPARTMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

## I.  INTRODUCTION

Plaintiff Fredrick Rogers, Sr., a former Fort Wayne Police Officer who is African American, brings this suit against Defendant Fort Wayne Police Department ("FWPD"), alleging that FWPD discriminated against him on the basis of his race in failing to promote him on nine occasions and engaged in retaliatory discipline in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").  (Docket ## 1, 29.)  On November 13, 2007, FWPD moved for summary judgment contending that all of Rogers's nine claims were time barred.  (Docket # 34.)

In his response brief and accompanying Verified Statement, Rogers explained that one of the failure-to-promote incidents – that is, the position of Captain of Internal Affairs that was ultimately awarded to Caucasian officer Lynn Wetmore (the "Wetmore promotion") – actually occurred on August 29, 2005, *not* 2004 as alleged in his Amended Complaint, and, consequently, that at least his claims of discrimination and retaliation with respect to this particular act were not time barred.  (Resp. Br. 3-4; Rogers V.S. ¶¶ 16-18.)  Rogers's assertion spurred FWPD to

file a motion to strike his statements under Federal Rule of Civil Procedure 56 and to argue in its

reply brief the merits of Rogers's claims arising from the Wetmore promotion.  (Docket # 40,

41.)  In turn, Rogers filed his own motion to strike, seeking to bar the portions of FWPD's reply

brief and supporting sworn declaration that discussed the merits of his claims.  (Docket # 43.)

Because each party relies upon evidence subject to a motion to strike, the Court will first

turn to those motions.  For the following reasons, FWPD's motion to strike will be DENIED AS

MOOT, Rogers's motion to strike will be DENIED, and FWPD's motion for summary judgment

will be GRANTED.

## II.  MOTIONS TO STRIKE

### A.  *Applicable Law*

Federal Rule of Civil Procedure 56 states that affidavits filed in support of summary

judgment "must be made on personal knowledge, set out facts that would be admissible in

evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P.

56(e)(1).  "An affidavit not in compliance with Rule 56 can neither lend support to, nor defeat, a

summary judgment motion."  *Paniaguas v. Aldon Cos*., No. 2:04-cv-468-PRC, 2006 WL

2568210, at *4 (N.D. Ind. Sept. 5, 2006) (citing *Zayre Corp. v. S.M. & R. Co.*, 882 F.2d 1145,

1148-49 (7th Cir. 1989); *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (7th Cir. 1989)).

"[W]hen considering a motion to strike portions of an affidavit in support of a motion for

summary judgment, courts will only strike and disregard the improper portions of the affidavit

and allow all appropriate recitations of fact to stand."  *Paniaguas*, 2006 WL 2568210, at *4; *see

also Toro Co. v. Krouse, Kern & Co.*, 644 F. Supp. 986, 989 (N.D. Ind. 1986); Charles Alan

Wright, et al., *Federal Practice & Procedure* § 2738 (3d ed. 2006).  Specifically, the following

statements are not properly included in an affidavit and should be disregarded: (1) conclusory allegations lacking supporting evidence, *see DeLoach v. Infinity Broad.*, 164 F.3d 398, 402 (7th Cir. 1999); (2) legal argument, *see Pfeil v. Rogers*, 757 F.2d 850, 862 (7th Cir. 1985); (3) self-serving statements without factual support in the record, *see Shank v. William R. Hague, Inc.*, 192 F.3d 675, 682 (7th Cir. 1999); (4) inferences or opinions not "grounded in observation or other first-hand experience," *Visser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991); and (5) mere speculation or conjecture, *see Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir. 1999).

### B. FWPD's Motion to Strike

FWPD seeks to strike paragraphs 16, 17, and 18 of Rogers's Verified Statement,[1] which read as follows:

> 16.  FWPD records of which I have been made aware indicate that on August 29, 2005 Lynn Wetmore, of Caucasian descent, was promoted to the position of Captain of Internal Affairs;
>
> 17.  Despite being qualified, I was not considered for the position identified in paragraph 16; and
>
> 18.  Upon information and belief, the effective date of the position granted to Lynn Wetmore was incorrect in my Amended Complaint.

(Rogers V.S. ¶¶ 16-18.)

Although Rogers's affidavit is problematic,[2] we will nevertheless consider his claims

---

[1] While FWPD's motion to strike refers to these paragraphs as 17, 18, and 19, it is obvious that this was merely a typographical error.

[2] Citing Federal Rule of Civil Procedure 56(e) and Federal Rule of Evidence 802, FWPD contends that paragraph 16 is inadmissible hearsay made without personal knowledge and that paragraphs 17 and 18 are therefore inadmissible because they rely upon paragraph 16. (FWPD's Mot. to Strike ¶¶ 2-7).  Rogers argued in his response that paragraph 16 simply corrects an error in the Amended Complaint concerning the date of Wetmore's promotion, and that FWPD does not dispute that date in its reply brief.  (Pl.'s Br. Opposing Def.'s Mot. to Strike ¶¶ 1, 2.) Rogers further asserts that paragraph 18 is therefore merely an acknowledgment of that mistake, and that paragraph

arising from the Wetmore promotion on the merits because, as explained *infra*, even when taking his contested statements into account, his claims of discrimination and retaliation fail.  *See, e.g., Talbert v. City of Chicago*, 236 F.R.D. 415, 419 (N.D. Ill. 2006) ("There is a preference in the federal system that trials be determined on the merits . . . ." (citation omitted)).  Therefore, FWPD's motion to strike will be DENIED as MOOT.

### C.  Rogers's Motion to Strike

Rogers seeks to strike portions of FWPD's reply brief, as well as various paragraphs of the supporting Sworn Declaration of Russell P. York, FWPD Chief, and its Exhibit A, Rogers's disciplinary record.  (Pl.'s Mot. to Strike 1.)  In sum, those portions that are the subject of Rogers's motion to strike pertain to FWPD's explanation of why Wetmore was appointed to the position of Captain of Internal Affairs and Rogers was not.

The thrust of Rogers's arguments is that FWPD's reply brief goes beyond its permissible scope because it raises new evidence and arguments to which Rogers has not had an opportunity to respond.  (Pl.'s Mot. to Strike ¶¶ 1-7.)  FWPD, Rogers contends, could have raised these issues in its motion for summary judgment but did not, and therefore raising them in its reply brief is improper.  (Pl.'s Mot. to Strike ¶¶ 8, 9.)

---

16 is not hearsay because "it relies upon [Rogers's] direct observation and is not a statement of a non-declarant." (Pl.'s Br. Opposing Def.'s Mot. to Strike ¶¶ 3, 4.)

FWPD's arguments have merit.  Paragraph 16 does not appear to be made with personal knowledge, cryptically referring to unspecified and unproduced "records of which [he] has been made aware."  *See Palucki,* 879 F.2d at 1572 ("A party to a lawsuit cannot ward off summary judgment with an affidavit or deposition based on rumor or conjecture.  Supporting and opposing affidavits shall be made on personal knowledge . . . ." (internal quotation marks and citation omitted)).  Paragraph 17 merely contains the bald assertion that Rogers was qualified, amounting to a "conclusory allegation[] absent supporting evidence," and a "selfserving statement[] without factual support in the record."  *Paniaguas*, 2006 WL 2568210, at *4; *see also Moore v. Ashland, Inc.*, IP 99-1173-C-T/G, 2000 WL 1672747, at *3 (S.D. Ind. Oct. 30, 2000) (holding that the plaintiff's statement that he "met all of the qualifications" of the job was "a conclusory and self-serving opinion lacking factual support in the record").  Finally, paragraph 18 is made upon "information and belief," which is "not enough to satisfy the personal knowledge requirement for affidavits."  *Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000).

"[I]t is well-settled that arguments first made in the reply brief are waived." *TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630-31 (7th Cir. 2007) (citation omitted). However, "[w]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers – both briefs and affidavits – may properly address those issues." *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 n.* (7th Cir. 1996) (quoting *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D.Wis. 1993), *aff'd*, 41 F.3d 1510 (7th Cir. 1994)). Here, Rogers's response brief and supporting statement allege an entirely different date than his Amended Complaint, and FWPD merely addressed that new fact in its reply; thus, FWPD's arguments are not outside the scope of Rogers's response brief.

Furthermore, to obviate any potential prejudice, the Court afforded Rogers an opportunity to respond to FWPD's arguments regarding the merits of his claims by allowing Rogers to file a sur-response (Docket # 46), which he has failed to do. *See Baugh*, 823 F. Supp. at 1457 ("Where new evidence is presented in either a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion . . . or else strike that new evidence."). Consequently, Rogers's motion to strike will be DENIED.

### III.  FACTUAL AND PROCEDURAL HISTORY

Rogers is an African-American homicide detective who has been with FWPD since 1981. (Am. Compl. ¶¶ 1, 3.) Beginning in October 2000, Rogers was rejected for nine promotions within the police department. (Am. Compl. ¶¶ 6-19; Def.'s Mem. in Supp. of Summ. J. ("Def.'s Mem.") 2-3.) Once in 2000 and again in 2001, Rogers unsuccessfully applied for Deputy Chief

positions (Am. Compl. ¶¶ 6-9; Def.'s Mem. 2), and in 2001 he was also denied promotions to two Captain positions (Am. Compl. ¶¶ 10-11; Def.'s Mem. 2).  In 2002, he was again denied a Deputy Chief position (Am. Compl. ¶ 15; Def.'s Mem. 2), followed by another rejection for the Position of Captain of Vice and Narcotics in June 2003 (Am. Compl. ¶ 16; Def.'s Mem. 3). Next, in 2004, FWPD declined to award Rogers a promotion to Deputy Chief of the Detective Bureau.  (Am. Compl. ¶ 19; Def.'s Mem. 3.)  In each instance, FWPD appointed a Caucasian officer for the positions.  (Am. Compl. ¶¶ 6-19; Def.'s Mem. 2-3.)

In 2004, Rogers filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which he ultimately decided against pursuing in court. (Rogers V.S. ¶ 11.)  Rogers contends that FWPD was aware of this charge.  (Rogers V.S. ¶ 11.)

On October 6, 2004, Rogers received a disciplinary suspension by FWPD when he allegedly failed to respond to a radio call.  (Am. Compl. ¶¶ 26-28; Def.'s Mem. 3.)  Then on November 1, 2004, Rogers was denied a promotion to Captain of the Detective Bureau, which, like the others, was awarded to a Caucasian officer.[3]  (Def.'s Mem. 3; Sworn Decl. of Andrew C. Bubb ¶ 5, Ex. A .)

On January 25, 2005, Rogers was stopped by a FWPD officer for alleged reckless driving, unreasonable speed, and failure to stop at a throughway.  (Am. Compl. ¶¶ 22-25; Def.'s Mem. 3.)  Later that year, in August 2005, Rogers was passed over for the position of Captain of

---

[3]Rogers originally stated in his Amended Complaint that "[u]pon information and belief" the promotion to Captain of the Detective Bureau occurred in 2005.  (Am. Compl. ¶ 18.)  FWPD later in its motion for summary judgment clarified that the actual date was November 1, 2004.  (Mem. in Supp. of Summ. J. 3; Bubb Decl. ¶ 5, Ex. A.)  Rogers did not dispute this fact in his response brief.

Internal Affairs, and a Caucasian woman named Lynn Wetmore instead received the promotion.[4] Rogers subsequently filed another discrimination charge with the EEOC on December 21, 2005, and the EEOC returned a Dismissal and Notice of Rights to Rogers on August 17, 2006.  (Am. Compl. ¶¶ 20-21; Rogers Dep. 32-33.)

On November 17, 2006, Rogers filed this suit against FWPD under Title VII, and then amended his complaint on May 16, 2007.  (Docket # 1, 29.)  FWPD filed the instant motion for summary judgment on November 13, 2007 (Docket # 34), arguing that the allegations recited in Rogers's Amended Complaint (Docket # 29) are time barred because Rogers filed his second Charge of Discrimination with the EEOC on December 21, 2005 (Rogers Dep. 32), and thus only those claims arising within the 300 days preceding December 21, 2005, that is, or on or after February 24, 2005, are timely under 42 U.S.C. § 2000e-5(e)(1).  (Def.'s Mot. for Summ. J. ¶ 5.)  In response, Rogers simply maintains that he applied for, and was denied, several merit-based positions between 2000 and 2006, including the Captain of Internal Affairs that was awarded to Wetmore, and that since filing the 2004 EEOC charge, he has received no formal consideration for any merit-based promotions. (Rogers V.S. ¶¶ 8, 12.)

In its reply, FWPD addressed Rogers's claims arising from the Wetmore promotion on the merits, supporting its assertions with the Sworn Declaration of Russell P. York, Chief of FWPD.  (Docket # 40.)  York indicated that he selected Wetmore because she was a qualified candidate who had no allegations of misconduct or discipline in her employment history.  (York Decl. ¶¶ 6, 7.)  York further explained that he did not consider Rogers as a viable candidate

---

[4] As discussed *supra*, Rogers's Amended Complaint asserts that Wetmore's promotion occurred in 2004. (Am. Compl. ¶ 17.)  Only in Rogers's response brief and FWPD's reply brief did the actual date of Wetmore's promotion come to light.  (Mem. in Supp. of Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Resp. Br.") 3-4; Rogers V.S. ¶¶ 16, 18; Def.'s Reply to Pl.'s Opp'n to Summ. J. ("Reply Br.") 4.)

because Rogers's disciplinary history rendered him less qualified for the position, which entails investigating violations of department policies.  (York Decl. ¶¶ 8-11, Ex. A.)  As stated *supra*, the Court afforded Rogers an opportunity to file a sur-response to argue the merits of his claims arising from the Wetmore promotion or to supplement the record under Federal Rule of Civil Procedure 56(e)(2) (Docket # 46); however, Rogers failed to do so, and the deadline has since passed.

## IV.  SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if there are no disputed genuine issues of material fact.  *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).  When ruling on a motion for summary judgment, a court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder."  *Id.*  The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial."  *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).  If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted.  *Payne*, 337 F.3d at 770.  A court must construe the record in the light most favorable to the nonmoving party and avoid "the temptation to decide which party's version of the facts is more likely true[,]" as "summary judgment cannot be used to resolve swearing contests between litigants."  *Id.*  However, "a party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial."  *Id.* at 771.

8

### V.  DISCUSSION

Rogers essentially asserts nine separate failure-to-promote claims and as such, he had to submit a claim to the EEOC within 300 days of each failure to promote.  *See Bannon v. Univ. of Chicago*, 503 F. 3d 623, 628 (7th Cir. 2007) (citing 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Salas v. Wis. Dep't of Corrs.*, 493 F.3d 913, 921 (7th Cir. 2007)).  For the following reasons, all claims except those arising from the Wetmore promotion are time barred, and the remaining claims of discrimination and retaliation nonetheless fail to survive summary judgment on the merits.

#### A.  The Majority of Rogers's Claims Are Time Barred

The timely filing requirement springs from Title VII, which provides that a charge of discriminatory employment practices shall be filed with the EEOC within 300 days "after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  The failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII.  *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S.Ct. 2162, 2166-67 (2007) (stating that "if the employee does not submit a timely EEOC charge, the employee may not challenge that [unlawful employment] practice in court") (citing 42 U.S.C. § 2000e-5(f)(1)).  The failure to file a timely charge is not, however, as FWPD argues, jurisdictional; instead, the exhaustion of administrative remedies is an affirmative defense.  *Salas,* 493 F.3d at 921 ("Filing a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court; rather, it is an affirmative defense akin to administrative exhaustion."); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).      Rogers seems to suggest that his situation is not so easily cabined, however, in that he has allegedly been subjected to a "continuing and conspicuous state of racial

9

discrimination and retaliation" from 2004 to the present.  (Resp. Br. 3).  This argument, which

Rogers fails to develop, runs counter to the analysis the Supreme Court approved in *Ledbetter*,

127 S.Ct. at 2166-67.  In *Ledbetter*, the Court explained that each "discrete act" of

discrimination, such as a "failure to promote," constitutes a separate, actionable unlawful

employment practice, which requires the employee to file a timely EEOC charge.  *Id*. at 2169

("The EEOC charging period is triggered when a discrete unlawful practice takes place.") (citing

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)); *see also Roney v. Ill. Dep't of*

*Transp*., 474 F.3d 455, 460 (7th Cir. 2007) (stating that an "unlawful employment practice

includes various discrete acts such as . . . failure to promote" (internal quotation marks and

citations omitted)).  Thus, the Court rejected the "serial" violation approach, stating that "if an

employer engages in a series of acts each of which is intentionally discriminatory, then a fresh

violation takes place when each act is committed."  *Ledbetter*, 127 S.Ct. at 2169; *see also*

*Morgan*, 536 U.S. at 114.

       In sum, Rogers is time barred from filing suit under Title VII for any "discrete act" about

which he did not file an EEOC charge within the 300-day EEOC charging deadline.  *Ledbetter*,

127 S.Ct. at 2171-72 (citing 42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1)).  As noted earlier,

Rogers filed his EEOC charge on December 21, 2005, and thus he is time barred from filing suit

based on any "discrete act" that occurred prior to February 24, 2005.  Accordingly, because

Rogers has failed to present any evidence that FWPD failed to promote him in 2005 (except for

the disputed Wetmore promotion that will be discussed *infra*), the first eight "discrete acts" of

discrimination are time barred.[5]  So, too, are Rogers's claims of retaliatory discipline with respect to the January 27, 2005, traffic stop and October 6, 2004, allegation of misconduct, having occurred prior to February 24, 2005.[6]  (Am. Compl. ¶¶ 22-28.)

### B. Rogers's Claims of Discrimination and Retaliation Arising From the Wetmore Promotion Fail on the Merits

Rogers does, however, allege that Wetmore's promotion, which he pins to August 29, 2005, gives rise to a timely failure-to-promote claim under Title VII for both race discrimination and retaliation.  (Resp. Br. 3-4; Rogers V.S. ¶¶ 16-18.)  FWPD confirmed in its reply brief that Wetmore's promotion did indeed occur on that date and concedes that it falls within the 300-day period of the charge filing date.[7]  (Reply Br. 4-5.)

As a preliminary matter, Rogers failed to submit a sur-response to FWPD's arguments on the merits of his claims arising out of the Wetmore promotion.[8]  Thus, a fair reading of the

---

[5] The specific failure-to-promote claims which are time barred are the following: (1) the October 2000 promotion of Patrick Roach to Deputy Chief for the Northeast Quadrant (Am. Compl. ¶¶ 6, 8); (2) the January 3, 2001, promotion of Douglas Lucker to Southwest Deputy Chief (Am. Compl. ¶ 9); (3) the January 3, 2001, promotion of Art Norton to Captain of the Detective Bureau (Am. Compl. ¶ 10); (4) the January 3, 2001, promotion of James Feasel to Captain of the Southwest Quadrant ((Am. Compl. ¶ 11); (5) the March 18, 2002, promotion of Nancy Becher to Southeast Quadrant Deputy Chief (Am. Compl. ¶ 15); (6) the June 9, 2003, promotion of Jeffrey Hadley to Captain of Vice and Narcotics (Am. Compl. ¶ 16); (7) the November 1, 2004, promotion of Paul Shrawder to Captain of the Detective Bureau (Am. Compl. ¶ 18; Bubb Decl. ¶ 5, Ex. A; Def.'s Mem. 3); and (8) the 2004 promotion of Karl Niblick to Deputy Chief of the Detective Bureau (Am. Compl. ¶ 19).

[6] In his Verified Statement, Rogers alleged another incident of discrimination, that he was promised a promotion in 2004 but never received it.  (Rogers V.S. ¶¶ 14, 15.)  This incident would also presumably be time barred, since it ostensibly occurred in 2004.  Regardless, this claim is missing from Rogers's Complaint or Amended Complaint, and thus is waived.  *See Warren v. Solo Cup Co.*, 516 F.3d 627, 629 n.3 (7th Cir. 2008) (articulating that a claim is waived if it is not raised in a plaintiff's complaint).

[7] In its reply brief, FWPD indicates that after Rogers filed his response brief and Verified Statement, it investigated Rogers's statement concerning the date of Wetmore's promotion and found it to be accurate.  (Reply Br. 4.)  It further explains that in initially advancing its argument that the claim was time barred, it "reasonably relied on Rogers'[s] claim that he was denied the promotion in 2004."  (Reply Br. 5.)

[8] As stated *supra*, at the hearing held on February 15, 2008, the Court instructed Rogers's counsel to file a sur-response as a plaintiff would normally do in opposition to a motion for summary judgment.  (Docket # 46.)

record suggests that Rogers has abandoned his claims of discrimination and retaliation arising

from the Wetmore promotion.[9]  *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 n.2

(7th Cir. 1996) (concluding that plaintiff had abandoned his claim after failing to respond to

defendant's arguments in its motion for summary judgment); *see generally Koszola v. Bd. of*

*Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004) (emphasizing that "summary

judgment is the put up or shut up moment in the lawsuit, when a party must show what evidence

it has that would convince a trier of fact to accept its version of the events" (internal quotation

marks and citations omitted)); *Echemendia v. Gene B. Glick Mgmt. Corp.*, No. 1:05-cv-53, 2007

WL 869196, at *5-6 (N.D. Ind. March 20, 2007), *aff'd*, No. 07-1902 (7th Cir. Feb. 6, 2008)

(unpublished).

　　　　Furthermore, as to his retaliation claim, Rogers claims in his response brief that FWPD

retaliated against him for engaging in statutorily protected activity, namely making claims of

discrimination during his employment, complaining that he "was retaliated against by being

passed over for numerous positions for which he was qualified."  (Resp. Br. 5.)  Yet, any claim

of retaliation arising from the Wetmore promotion (or, for that matter, any failure-to-promote

incident) fails at the outset because that claim is notably missing from Rogers's Amended

Complaint (*see* Am. Compl. ¶¶ 22-28), and thus is waived.[10]  *See Warren*, 516 F.3d at 629 n.3

---

[9] In any event, Rogers failed to submit a factual statement called for by Local Rule 56.1; therefore, he has conceded to FWPD's version of the facts as set forth in its memorandum supporting summary judgment. (*See* Def.'s Mem. 2-4); *Reilly v. U.S. Dep't of Energy*, No. 07 C 995, 2007 WL 4548300, at *3 (N.D. Ill. Dec. 18, 2007) ("The Seventh Circuit has repeatedly 'sustained the entry of summary judgment when the nonmovant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.'") (citing *Waldridge*, 24 F.3d at 922; *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000)).

[10] Likewise, in addition to being time barred, the retaliation claims that Rogers did advance in his Amended Complaint with respect to a traffic stop by a FWPD officer on January 27, 2005, and an allegation of misconduct issued by FWPD on October 6, 2004, are also waived because Rogers failed to argue them in response to FWPD's

12

(articulating that a claim is waived if it is not raised in a plaintiff's complaint).

Regardless, FWPD insists that Rogers's discrimination and retaliation claims arising from the Wetmore promotion also fail on the merits, and the Court now turns to that assertion.

### 1. Rogers's Discrimination Claim

*a. Applicable Law*

A plaintiff alleging employment discrimination under Title VII can contest summary judgment by using either the direct or indirect method of proof. *Brewer v. Bd. of Trs. of the Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007). The direct method requires the plaintiff to produce enough evidence, either direct or circumstantial, "that could permit a reasonable jury to conclude that the employer acted with discriminatory intent . . . ." *Id.*

The indirect method is the well-known *McDonnell Douglas* burden-shifting framework. *See, e.g.*, *id.* Here, the plaintiff must first establish a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). In order to establish a *prima facie* case in a failure-to-promote context, essentially Rogers's claim here, he must show that "1) he belongs to a protected class, 2) he applied for and was qualified for the position sought, 3) he was rejected for that position and 4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff." *Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003); *see also Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 737 (7th Cir. 2006); *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1174 (7th Cir. 2002). If the plaintiff successfully establishes a *prima facie* case, the burden then shifts to the defendant to provide a legitimate, nondiscriminatory reason for the challenged employment action. *McDonnell*

---

motion for summary judgment. *See Bombard*, 92 F.3d at 562 n.2.; *Koszola*, 385 F.3d at 1111; *Echemendia*, 2007 WL 869196, at *5-6.

*Douglas*, 411 U.S. at 802.  Once the defendant has done so, the burden shifts back to the plaintiff

to show that the proffered reason is merely a pretext for discrimination.  *Id.* at 804.

    *b.  Rogers's Discrimination Claim Fails Under the Direct Method of Proof*

    Although Rogers conclusorily states in his response brief that he "has presented both

direct and circumstantial evidence of discrimination[,]" (Resp. Br. 4), he offered virtually no

analysis or argument on either point.

    After all, direct evidence "usually requires an admission by the decisionmaker that his

actions were based on" the protected status – in this instance, Rogers's race.  *Balderston v.*

*Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 321 (7th Cir. 2003); *see Stone v.*

*City of Indianapolis Pub. Util. Div.*, 281 F.3d 640, 644 (7th Cir. 2002) (holding that direct

evidence of discrimination is "evidence that establishes [discrimination] without resort to

inferences from circumstantial evidence . . . ."), *cert. denied*, 537 U.S. 879 (2002).  All that

Rogers points to in his response brief is that he was passed over for nine positions and was

promised a promotion but never received one.[11]  (Resp. Br. 3; Rogers V.S. ¶¶ 8, 9, 14, 15.)

These allegations do not constitute direct evidence of discrimination.

    The circumstantial evidence method, which requires "a convincing mosaic of

discrimination against the plaintiff," *Troupe v. May Dept. Stores Co.*, 20 F.3d 734, 737 (7th Cir.

1994), is also lacking here.  The Seventh Circuit Court of Appeals has offered a useful catalogue

for our analysis:

    Circumstantial evidence demonstrating intentional discrimination includes: (1)

_____

[11]Although Rogers in his Verified Statement indicated that he was denied promotions "[b]etween 2000 and 2006," (Rogers V.S. ¶¶ 8, 9), his Complaint and Amended Complaint make no mention of any discriminatory acts in 2006.  Furthermore, Rogers' EEOC charge was filed in December 2005, and therefore it could not have included subsequent 2006 events.

> suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at other employees in the protected group; (2) evidence, whether or not rigorously statistical, that similarly situated employees outside the protected class received systematically better treatment; and (3) evidence that . . . the employer's reason is a pretext for discrimination.

*Lewis v. City of Chicago*, 496 F.3d 645, 652 (7th Cir. 2007) (internal quotations marks and citation omitted); *see also Hemsworth v. Quotesmith.Com, Inc*., 476 F.3d 487, 491 (7th Cir. 2007); *Sun v. Bd. of Trs. of Univ. of Ill*., 473 F.3d 799, 812 (7th Cir. 2007). Put another way, Rogers must produce evidence from which a rational trier of fact could reasonably infer that FWPD made its employment decisions concerning him because of his race. *See Bell v. E.P.A.*, 232 F.3d 546, 554 (7th Cir. 2000) (citing *Troupe*, 20 F.3d at 737). Again, Rogers has offered no such evidence regarding the Wetmore promotion, and even upon the Court's own review of the record as a whole, none can be discerned.

To begin, Rogers has shown no evidence of "suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at other employees in the protected group[.]" *Lewis*, 496 F.3d at 652. Although Rogers seems to suggest "that similarly situated employees outside the protected class received systematically better treatment[,]" *id.*, all that he offers on that score is his own experience that he was passed over for nine positions subsequently awarded to Caucasians (Rogers V.S. ¶¶ 8, 9). This evidence, standing alone, is hardly probative – it does not inform how many African-Americans and Caucasians applied for those jobs, or if other promotions took place in the FWPD and who received them. Moreover, Rogers presents no evidence about the qualifications for each of those positions, the qualifications of the appointees, or whether he was even qualified for them.

Perhaps Rogers is attempting to show statistical support for his case, and indeed, a

statistical analysis of evidence can be used in the circumstantial case under the direct method of proof, *see, e.g., Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 616 (7th Cir. 2000), and to prove pretext, *see, e.g. Hefley v. Vill. of Calumet Park*, No. 04 C 8032, 2006 WL 1343322, at *4 (N.D. Ill. May 12, 2006), but the evidence has to be statistically supportable. *See Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 829 (7th Cir. 2005) ("[I]f the plaintiffs rely on the racial composition of a workforce as evidence of discrimination it must 'subject all of the employer's decisions to statistical analysis to find out whether [race] makes a difference.' . . . . Thus . . . without knowing how many positions became available during the relevant time frame, the number and race of the candidates applying for those positions, and the candidates' relative qualifications, '[s]uch a list is next to worthless.'") (quoting *Millbrook*, 280 F.3d at 1176-77).  If the evidence is not statistically supportable, then it is anecdotal, and not evidence at all.  *Kuhn v. Ball State Univ.*, 78 F.3d 330, 332 (7th Cir. 1996) ("A plaintiff who wants a court to infer discrimination from the employer's treatment of comparable cases has to analyze a goodly sample.  One is an anecdote, and several cases are several anecdotes.  Judges do not find discrimination on such a thin basis.").  Here, Rogers has given us nothing more than a series of nine anecdotes, and therefore the record he offered fails to paint "a convincing mosaic of discrimination."  *Troupe*, 20 F.3d at 737.

Moreover, Rogers has produced no evidence that suggests that FWPD's proffered reason for not appointing him to the position of Captain of Internal Affairs is a pretext.  The focus of a pretext inquiry is "whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered."  *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006) (quoting *Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir. 2000)) (internal quotation marks

omitted); *see also Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 417 (7th Cir. 2006) ("[T]he question in a discrimination case is not whether the employer's stated nondiscriminatory ground for the action of which the plaintiff is complaining is correct but whether it is the true ground of the employer's action rather than being a pretext for a decision based on some other, undisclosed ground."). Simply put, pretext is "a deliberate falsehood." *Forrester*, 453 F.3d at 419.

Here, Rogers does not challenge either the premise offered for the decision by FWPD or the truthfulness of its factual underpinnings. That is, there does not appear to be any dispute that the Captain of Internal Affairs position requires the investigation of whether other police officers violated department rules. (York Decl. ¶ 9.) It rather logically follows that such a position should be occupied by someone who has a history of knowing and obeying the rules, rather than someone who has frequently been their abuser. On that score, FWPD offered evidence that Rogers was not considered for the position because his disciplinary history included several instances of misconduct, whereas Wetmore's record was comparatively pristine.[12] (York Decl. ¶ 6-8.)

In sum, Rogers has presented no evidence of probative value that creates a "convincing mosaic of discrimination" with respect to FWPD's decision not to award him the Captain of Internal Affairs position. *Troupe*, 20 F.3d at 737. Consequently, Rogers's claim of discrimination arising out of the Wetmore promotion does not escape summary judgment under the direct method of proof.

---

[12] The discussion of pretext is also more fully addressed *infra*, within the *McDonnell Douglas* analysis.

   *c.  Rogers's Discrimination Claim Also Fails Under the Indirect Method of Proof*

Summary judgment is also appropriate because it is apparent that Rogers cannot establish

a *prima facie* case of discrimination under *McDonnell Douglas.  See Gorbitz v. Corvilla, Inc.,*

196 F.3d 879, 882 (7th Cir. 1999) (finding that the district court properly granted summary

judgment when former employee failed to establish a *prima facie* case of discrimination).  In

short, even if we assume that Rogers can make out the first three elements of the *prima facie*

case, we do not believe that any reasonable jury could infer that he was better qualified than

Wetmore for the Captain of Internal Affairs position.  *See Grayson*, 317 F.3d at 748.

As explained *supra*, Rogers was not as qualified for the position as Wetmore given their

respective disciplinary records (York Decl. ¶¶ 6-9), and indeed, Rogers never suggests that he

was better qualified.  About as far as he is willing to go is the self-serving statement that he was

qualified for the position (Rogers V.S. ¶ 17), but even this conclusory allegation is insufficient to

raise such an inference or a material fact.  *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir.

2002) ("It is well settled that conclusory allegations . . ., without support in the record, do not

create a triable issue of fact.").  Although Rogers received a promotion in 2000 and some

professional accolades (Resp. Br. 4-6), this does not touch upon what we know to be the

qualifications of the position at issue.  Consequently, Rogers has not made out a *prima facie* case

of discrimination.

Furthermore, even if we assume that Rogers has made out a *prima facie* case, this merely

shifts the burden to FWPD to offer a legitimate, non-discriminatory basis for promoting

Wetmore instead of Rogers.  *See McDonnell Douglas*, 411 U.S. at 802, 804.  FWPD's proffered

explanation – that Wetmore had the clean disciplinary record that Rogers lacked – is sufficient to

18

shift the burden back to Rogers to show that FWPD's reason is pretextual.  *See Oates v.*

*Discovery Zone*, 116 F.3d 1161, 1170 (7th Cir. 1997) (stating that to produce a legitimate, non-

discriminatory reason for the adverse employment action, the employer must come forward with

"evidence, which, taken as true, would permit the conclusion that there was a nondiscriminatory

reason for the adverse action") (internal quotation marks and citation omitted).

    "Pretext is a lie, specifically a phony reason for some action, . . . and thus, [t]o show

pretext, a plaintiff must show that [(1)] the employer's nondiscriminatory reason was dishonest;

and [(2)] the employer's true reason was based on a discriminatory intent." *Fischer v. Avanade*,

*Inc.*, 2008 WL 681173, at *8 (7th Cir. 2008) (internal quotation marks and citations omitted).

"This can be done with either direct or indirect evidence.  If the plaintiff proceeds to offer

indirect evidence, the plaintiff must show that the employer's reason is not credible or that the

reason is factually baseless." *Id.* (internal quotation marks and citations omitted).  As noted

earlier, Rogers has offered no direct evidence and little in the way of indirect evidence (even

after the Court extended the invitation on February 15, 2008, *see supra* n.8) suggesting that the

decision to promote Wetmore is tinged with dishonesty.  Therefore, since Rogers has produced

no evidence giving rise to "an inference that the real reason for [the promotion] was

discriminatory[,]" *id.* (internal quotation marks and citations omitted), Rogers's claim of racial

discrimination ultimately suffers the same fate as under the direct method of proof.

    Consequently, summary judgment will be granted with respect to Rogers's claims of

discrimination.

## 2. Rogers's Retaliation Claim

*a. Applicable Law*

Like discrimination claims, a plaintiff alleging retaliation under Title VII can contest summary judgment through either the direct or indirect method of proof. *Gates v. Caterpillar*, 2008 WL 141814, at *3 (7th Cir. 2008); *see also Bernier v. Morningstar, Inc.*, 495 F.3d 369, 375 (7th Cir. 2007) (citing *Stone*, 281 F.3d at 644). "To establish a *prima facie* case of retaliation under the direct method, a plaintiff must 'present direct evidence . . . that he engaged in protected activity . . . and as a result suffered the adverse employment action of which he complains,' . . . or circumstantial evidence that would allow the 'jury to infer intentional discrimination by the decision-maker.'" *Anderson v. The Foster Group*, 521 F. Supp. 2d 758, 777 (N.D. Ill. 2007) (citing *Stone*, 281 F.3d at 644; *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 940 (7th Cir. 2007)).

Stated another way, a plaintiff proceeding under the direct method must prove that he (1) engaged in a statutorily protected activity; (2) suffered an adverse employment action; and (3) that a causal connection exists between the two. *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006)); *see also Pantoja v. Am. NTN Bearing Mfg. Corp.*, 495 F.3d 840, 848 (7th Cir. 2007). Under the indirect method, retaliation claims, like other discrimination claims, follow the *McDonnell Douglas* model as clarified by the Seventh Circuit in *Stone v. City of Indianapolis Public Utilities Division*, 281 F.3d 640, 644 (7th Cir. 2002).[13]

---

[13] First, the plaintiff must establish a *prima facie* case by showing that he (1) engaged in statutorily protected activity; (2) met the employer's legitimate expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Tomanovich*, 457 F.3d at 666; *see also Stone*, 281 F.3d at 644. If this case is made, the defendant must proffer a

   b. *Rogers's Retaliation Claim Fails on the Merits*

Even if we assume that Rogers properly brought his retaliation claim arising from the

Wetmore promotion, we find that it ultimately lacks merit.  Here, Rogers makes no mention of

the indirect method of proof and proceeds solely under the direct method, and so we only

analyze his claim under that method.

   Rogers argues that he has satisfied the first two prongs because he engaged in a

statutorily protected activity in filing a discrimination charge with the EEOC in 2004 and

suffered an adverse employment action in being passed over for "numerous positions for which

he was qualified," including the position of Captain of Internal Affairs that was awarded to

Wetmore on August 29, 2005.  (Resp. Br. 5.)  Indeed, Rogers's argument concerning the first

two prongs has merit.  *See Cullom v. Brown*, 209 F.3d 1035, 1042 (7th Cir. 2000)

(acknowledging that a failure to promote constitutes an adverse action with respect to a

retaliation claim).

   However, the only "evidence" of a causal connection that Rogers offers is his own

assertion that there is a "remarkable chronological relationship" between his protected activity

and the adverse action "given [his] long employment tenure."  (Resp. Br. 5.)  Notably, however,

Rogers failed to file his 2004 EEOC discrimination charge as part of the record, leaving us with

practically no details about it – only, of course, that it was filed in 2004, that FWPD knew about

it, and that he decided not to pursue it in court.[14]  (Rogers V.S. ¶ 11.)  Thus, Rogers attempts to

---

legitimate, non-invidious reason for the adverse employment action.  *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 508 (7th Cir. 2004).  The burden then falls on the plaintiff to show that the proffered reason is pretextual.  *Id.*

   [14]Since Rogers's second EEOC charge was not filed until December 2005, that is, four months *after* the Wetmore promotion, it cannot be the basis for a charge of retaliation, making only his 2004 EEOC charge relevant here.

21

assert a "remarkable chronological relationship" without setting forth a chronology.

In any event, even if we speculate and assume that the EEOC charge was filed in December 2004, this still leaves an eight-month gap between Rogers's statutorily protected activity and the Wetmore promotion.  The problem with such a wide temporal interval is that "[a]s the time separating the protected conduct and the adverse employment action grows, the causal inference weakens and eventually time becomes the plaintiff's enemy." *Lalvani v. Cook County, Ill*., 269 F.3d 785, 790 (7th Cir. 2001); *see Sauzek v. Exxon Coal USA, Inc*., 202 F.3d 913, 918-19 (7th Cir. 2000) (finding that a three-month delay alone fails to give rise to a causal inference); *Filipovic v. K & R Express Sys., Inc*., 176 F.3d 390, 399 (7th Cir. 1999) (stating that no causal inference arises from a four-month delay); *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 511 (7th Cir. 1998) (articulating that a five-month delay does not give rise to a causal inference).  Thus, stated clearly, as these cases demonstrate, the interval between Rogers's first EEOC charge and the Wetmore promotion (a minimum of eight months) cannot, standing alone, give rise to even an inference of a causal connection as a matter of law, thus dooming his retaliation claim.

## VI.  CONCLUSION

For the foregoing reasons, Defendants' motion to strike (Docket # 41) is DENIED AS MOOT, and Plaintiff's motion to strike (Docket # 43) is DENIED.  Defendants' motion for summary judgment (Docket # 34) is GRANTED.  The Clerk is directed to enter a judgment in

favor of Defendant and against Plaintiff.

        SO ORDERED.

        Enter for March 26, 2008.

                                                S/Roger B. Cosbey                
                                                Roger B. Cosbey
                                              United States Magistrate Judge